UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO: 0:22-cv-62076-WPD

GREGORY TONY, in his official
capacity as Sheriff of Broward County,

    Plaintiff,
vs.

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Gregory Tony, in his official capacity as Sheriff of Broward County ("BSO") sues Defendant, Evanston Insurance Company, and states:

### Nature of the Action; Jurisdiction

1. This is an action for declaratory relief and supplemental relief.

2. The amount in controversy exceeds the jurisdictional minimum for the circuit court.

3. Jurisdiction is vested in this Court pursuant to Article V, Section 5 of the Constitution of Florida and Chapter 86, Florida Statutes.

### Parties and Venue

4. Plaintiff, Gregory Tony in his official capacity as Sheriff of Broward County (hereinafter "BSO"), as organized and existing under the Constitution and laws of the State of Florida.

5. Defendant, Evanston Insurance Company, (hereinafter "EIC") is a foreign corporation qualified to do business in Florida and has, at all times material hereto been conducting business in Broward County.

6. Venue is proper in Broward County as the parties and the subject of the litigation

are all situated in Broward County.

## Factual Allegations

A. <u>Allegations In The Filed State Complaints</u>

7. Following the horrific massacre on February 14, 2018, at Marjory Stoneman Douglas High School ("Parkland Shooting Incident"), numerous lawsuits were filed against BSO (and others) by the shooting victims and/or their families.

8. The lawsuits generally allege that BSO, including its agent, Scot Peterson ("Peterson"), the School Resource Officer on duty at the high school, were negligent in, among other things, failing to follow BSO's own policies and procedures by, *inter alia,* failing to radio a Code Red as soon as Peterson heard there was a viable active shooting threat on campus, which would have resulted in the immediate lockdown of all school buildings; failing to intercept the shooter, Nikolas Cruz ("Cruz"), before he entered Building 12; failing to immediately enter Building 12 and locate and neutralize Cruz; calling for a lock down after hearing shots fired, thereby preventing officers from entering Building 12 and engaging Cruz; and providing other officers with misinformation about Cruz's location, which prevented other officers from entering Building 12 to engage and kill Cruz. *See e.g. a* true and correct copy of *In Re: Marjory Stoneman Douglas Cases, Pertains to CACE 18-009607// Pollack, Meadow* attached as **Exhibit A** and *In Re: Marjory Stoneman Douglas Cases, Pertains to CACE 19-026599// King, Madison* attached as **Exhibit B**.

9. The lawsuits further allege that, but for BSO's negligence (and other Defendants), none of the shootings would have taken place or, at the very least, some of the deaths and injuries would have been prevented.

B. <u>The Insurance Policy</u>

10. BSO purchased from EIC Public Entities Policy No. MPEMID0002-16-01 with a policy period of October 1, 2017, to October 1, 2018 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit C**.

11. The Policy has a per occurrence Self-Insured Retention of $500,000, with an each occurrence limit of $2,500,000 and an aggregate limit of $5,000,000. *Id.* at p. 7.

2

12. The Policy provides that EIC "will pay 'ultimate net loss' in excess of the Self-Insured Retention that the Insured is legally obligated to pay because of 'bodily injury', 'property damage' or 'personal and advertising injury' to which this insurance applies." *Id.* at p. 11.

13. The Policy in turn provides that this insurance applies to "bodily injury" "[c]aused by an 'occurrence' that takes place in the 'covered territory.'" *Id.*

14. The term "Occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* at p. 25.

15. The Policy provides that BSO has "the duty to investigate and defend any claim or 'suit' to which this insurance applies and shall be responsible for the payment of any resulting 'claim expenses,'" but that "[a]ll payments for 'claim expenses' incurred by you will be applied to the Self-Insured Retention." *Id.* at p. 31.

16. "Claim expenses" includes "reasonable amounts for defense of an insured against a specific claim or 'suit' to which this Coverage Part applies, including 1. "Costs incurred by you in connection with the investigation, adjustment, settlement or defense of any claim or 'suit' and 2. Legal expenses. . . ." *Id.* at pp. 39-40.

17. The Policy provides that EIC has "no duty to defend any claim or 'suit,'" it gives EIC the right to associate in the defense or assume control of the defense, at its own expense, for any claim or "suit" which, in its sole opinion, may exceed the Self-Insured Retention. *Id.* at p. 43.

18. Regarding Self-Insured Retention, the Policy provides that EIC will "have no obligation to pay 'ultimate net loss' on behalf of the insured until you pay the full amount of the Self-Insured Retention shown in the Declaration (*i.e.,* $500,000). The Policy further provides that the Self-Insured Retention "applies separately to each and every 'occurrence' and offense covered under this Coverage Part." *Id.* at p. 48.

19. The Policy includes an Endorsement - titled "Claims Expenses - In Addition to the Limits of Insurance" - that provides that if EIC has an obligation to pay "ultimate net loss" in excess of the Self-Insured Retention, any "claim expenses" it pays will be in addition to, and will not reduce, the applicable Limits of Insurance. *Id.* at p. 54.

20. The Endorsement further amends the definition of "ultimate net loss" to remove reference to "claim expenses," such that "claim expenses will not be included in the calculation of "ultimate net loss." *Id.*

21. BSO contends the Parkland Shooting Incident constitutes a single occurrence such that BSO must only exhaust a single Self-Insured Retention of $500,000 before there is coverage under the Policy.

22. Ambiguous policy provisions are interpreted in favor of the insured. *Koikos v. Travelers Ins. Co.,* 849 So. 2d 263 (Fla. 2003) (basing its finding on the insurance policy being ambiguous).

23. EIC contends that each victim constitutes a separate occurrence under the policy and that the Self-Insured Retention of $500,000 must be exhausted for each complaint filed before the coverage under the Policy is applicable.

## COUNT ONE - DECLARATORY RELIEF

24. Plaintiff readopts the allegations in Paragraphs 1 through 23 as if fully set forth herein.

25. This is a complaint for declaratory and supplemental relief pursuant to Chapter 86, Florida Statutes.

26. Section 86.021, Florida Statutes permits any person claiming to be interested or in doubt about its rights under a contract to seek a declaration about same.

27. The Policy has a per occurrence Self-Insured Retention of $500,000, with an each occurrence limit of $2,500,000 and an aggregate limit of $5,000,000. The term "Occurrence" is defined to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28. As a result of the foregoing, BSO is in doubt as to whether EIC will take the position the Parkland Shooting Incident constitutes a single "occurrence" such that BSO must only exhaust a single Self-Insured Retention of $500,000 before there is coverage under the Policy.

29. As a result of the foregoing BSO is in doubt as to its rights, remedies, and obligations under the Policy, including whether it must exhaust a single Self-Insured Retention

4

of $500,000 or a Self-Insured Retention of $500,000 for each Plaintiff that filed a lawsuit.

30. As EIC continues to refuse to accept the Parkland Shooting Incident as one occurrence under the Policy, BSO has directly incurred what it believes is a direct contractual obligation of EIC and there exists a present, practical, bona fide need for a declaration and BSO is entitled to same.

31. Evanston is subject to the terms of Fla. Stat. §626.9373, §627.428 §57.104, and §57.041, which are applicable to this litigation, and which allow for the recovery of attorneys' fees, legal assistant/paralegal fees and costs, as applicable in favor of a prevailing insured.

**WHEREFORE**, BSO requests the Court for the following relief:

A. Accept jurisdiction over the parties and subject matter of this action;

B. Order a speedy hearing and advance this matter on the Court's calendar as provided in Section 86.111, Florida Statutes;

C. Declare and construe the rights and obligations of BSO under the Policy with the EIC, including (1) whether the Parkland Shooting Incident was a single Occurrence, and (2) whether BSO must exhaust a single Self-Insured Retention of $500,000 or a Self-Insured Retention of $500,000 for each Plaintiff that filed a lawsuit;

D. As further supplemental relief, declare that under the terms of the Policy the Parkland Shooting Incident to be one occurrence and direct EIC to fulfill its obligations under the Policy;

E. Enter a final judgment declaring that under the terms of the Policy that the Parkland Shooting Incident was one Occurrence and that upon exhaustion of the Self-Insured Retention of $500,000 total, that EIC shall pay in excess of the Self-Insured Retention that BSO is legally obligated to pay within the limit of $2,500,000 and an aggregate limit of $5,000,000;

F. Retain jurisdiction for the purpose of further supplemental relief under Section 86.061, F.S., and enforcing the Court's orders; and,

G. Award Plaintiff pre- and post-judgment interest, costs, and attorneys' fees and legal assistant/paralegal fees pursuant to Fla. Stat. §626.9373, §627.428 §57.104, §57.041 and/or other applicable law.

DATED: January 23, 2023

Respectfully Submitted,

**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone No. (954) 525-4100
Facsimile No.  (954) 525-4300
*Attorneys for Plaintiff*

By: /s/ *Seth Haimovitch*
    DAVID L. FERGUSON
    Florida Bar Number:  0981737
    Ferguson@kolawyers.com
    SETH D. HAIMOVITCH
    Florida Bar Number:  0085939
    Haimovitch@kolawyers.com