UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case no. 22-cv-62076-WPD

GREGORY TONY, in his official
capacity as Sheriff of Broward County,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
AND MOTION TO CERTIFY INTOLOCUTORY APPEAL**

THIS CAUSE is before the Court upon Defendant Evanston Insurance Company ("Evanston" or Defendant")'s Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal, filed herein on June 29, 2023. [DE 44]. The Court has carefully considered the Motion [DE 44], Plaintiff Gregory Tony, in his official capacity as Sheriff of Broward County ("BSO" or "Plaintiff")'s Response [DE 46], Defendant's Reply [DE 47], and is otherwise fully advised in the premises.

**I.**    **DISCUSSION**

**A.**    **Motion for Reconsideration**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (internal citations omitted). Three major grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Office*

*Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)). For a court to reconsider its prior judgment, the moving party must present facts or law of a "strongly convincing nature" that would induce a court to reverse its prior decision. *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citing *Sussman*, 153 F.R.D. at 694). A motion under Rule 60(b) must be shaped to the specific grounds for modification or reversal enumerated in the Rule, and it may not be a mere general plea for relief. *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 163 F.R.D. 680, 687 (M.D. Fla. 1996); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). A motion for reconsideration is an "extraordinary remedy to be employed sparingly." *Burger King Corp.*, 181 F. Supp. 2d at 1370 (citing *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).

      Here, Defendant asks the Court to reconsider its May 24, 2023 Order on Defendant Evanston's Motion to Dismiss and Motion to Strike (the "Order") [DE 38]. There has been no intervening change in controlling law and there is no new evidence available. Rather, Defendant's motion for reconsideration merely rehashes arguments it previously made -- or which it could have made -- in its motion to dismiss briefing, at the May 15, 2023 one-hour hearing on Evanston's motion, or following the hearing. The Court rejected these arguments for the reasons explained in the Order. Defendant's disagreement with this Court's analysis and conclusions does not justify reconsideration of Defendant's arguments now. Defendant has failed to show an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Defendant's request for the extraordinary remedy of reconsideration shall be denied.

Furthermore, the Court reminds Defendant Evanston that the disposition of the ruling at issue in the May 24, 2023 Order was the denial of Evanston's motion to dismiss for failure to state a claim.  The Court has not yet determined the disposition of any hypothetical final judgment that might be entered at some stage in this case.  Any factual and legal issues arising from Defendant's Answer and Affirmative Defenses (which was filed after the May 24, 2023 Order) have not yet been litigated by the parties or addressed by the Court.  The parties are certainly entitled to develop the factual record in support of their positions.

B.      **Motion for Interlocutory Appeal**

Alternatively, Defendant Evanston seeks certification of an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

A district court judge has the discretion to approve an order for interlocutory appeal that involves "a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from an order may materially advance the ultimate termination of litigation." § 1292(b).  Only an "exceptional" case will be approved for an interlocutory appeal.  *McFarlin v. Conseco Servs.,* 381 F.3d 1251, 1256 (11th Cir. 2004).  The Court finds that such circumstances do not exist in this case.  Moreover, an interlocutory appeal of the Order is more likely to delay and prolong the instant litigation than to materially advance the termination of the litigation.[1]

---

[1] This case is set for trial to commence on January 8, 2024, with the discovery cutoff in September 2023 and the substantive pretrial motions deadline in October 2023. *See* [DE 43]. Accordingly, in the event that this case does not settle and it is instead disposed of by a motion for judgment on the pleadings, a motion for summary judgment, or a trial, a final judgment that is appealable as a matter of right would be entered in less than six months from now.

## II. CONCLUSION

Accordingly it is **ORDERED AND ADJUDGED** that Defendant's Motion for Reconsideration or in the Alternative for Certification of Interlocutory Appeal [DE 44] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 20th day of July, 2023.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record