UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:22-CV-62076-WPD/PAB

GREGORY TONY, in his official capacity
as Sheriff of Broward County,

    Plaintiff,

v.

EVANSTON INSURANCE COMPANY,

    Defendant.
_____/

## ORDER APPROVING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE; GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS

THIS CAUSE is before the Court upon Plaintiff Gregory Tony, in his official capacity as Sheriff of Broward County ("Plaintiff")'s Motion for Attorneys' Fees and Non-Taxable Costs [DE's 121, 122] (the "Motion"); United States Magistrate Judge Panayotta Augustin-Birch's August 20, 2024 Report & Recommendation (the "Report") [DE 125]; Defendant Evanston Insurance Company ("Defendant")'s Objection to Report and Recommendation [DE 126]; and Plaintiff's Response to Defendant Evanston's Objection [DE 129]. The Court has carefully considered these filings, the entire docket, and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be

sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

Accordingly, the Court has undertaken a *de novo* review of the record and Defendant's Objection to Report and Recommendation [DE 126]. Having carefully considered the Defendant's Objection, the Court overrules the Objection. This action was resolved entirely in BSO's favor and a Final Judgment was entered in favor of BSO and against Evanston. *See* [DE's 110, 111]. The Court agrees with the Magistrate Judge's analysis and conclusion that BSO is entitled to recover its attorneys' fees and non-taxable costs from Evanston under Fla. Stat. § 626.9373(1). *See* [DE 125]. The Court also agrees with the Magistrate Judge that, to the extent that a denial of coverage is a prerequisite for entitlement to fees under Fla. Stat. § 626.9373(1), in the September 28, 2020 letter, Defendant Evanston unequivocally denied insurance benefits until Plaintiff BSO exhausts the $500,000 SIR at least for each plaintiff shooting victim's claim against BSO in the lawsuits arising from the Parkland Shooting Incident. *See* [DE 125].

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 125] is hereby **APPROVED**;
2. Defendant's Objection to Report and Recommendation [DE 126] is **OVERRULED**;

3. Plaintiff's Motion for Attorneys' Fees and Non-Taxable Costs [DE's 121, 122] is

   **GRANTED**.[1]

   **DONE** and **ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of September, 2024.

   *William P. Dimitrouleas*
   WILLIAM P. DIMITROULEAS
   United States District Judge

Copies furnished to:
Magistrate Judge Augustin-Birch
Counsel of Record

---

[1] The parties do not submit to the Court a dispute over the amount of fees and costs. They agreed as to the amount recoverable in the event the Court rules in favor of Plaintiff as to entitlement. *See* [DE 125] at p. 2.